# Goldman Davis Krumholz & Dillon, P.C.

*Attorneys at Law*
A Professional Corporation
Three University Plaza | Suite 410 | Hackensack, New Jersey 07601
Phone 201-488-2600 | Telecopier 201-488-5059
www.goldmandavis.com

Steven L. Davis
Evan L. Goldman +
Alan L. Krumholz (1956-2020)
Paula M. Dillon
Kristen W. Ragon *
Barry D. Wein
Naomi Franco

* (N.J. & N.Y. Bars)
+ (Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney)

Jersey City Office
648 Newark Ave
Jersey City, New Jersey 07306
Phone 201-656-5232
*Reply to Hackensack Office*

Writer's Email: egoldman@goldmandavis.com
Writer's Extension: 413

February 3, 2025

Honorable Brian Martinotti
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room MLK 2B
Newark, New Jersey 07104

Re: APM Terminals Pacific, LLC, et al v. Guilford
Docket No. 2:24-cv-11003

Dear Judge Martinotti:

In the motion currently pending before Your Honor, Petitioner has focused almost exclusively on the general enforceability of arbitration agreements under both California and New Jersey Law. The Petitioner, however, fails to adequately explain how this alleged arbitration agreement even applies to Mr. Guilford. This threshold issue is the key to any decision in this case.

The arbitration clause at issue was part of a 2015 severance governing Respondent's termination from Universal Maritime Services Corporation (UMSC). The plain language of the severance agreement does not state that it applies to any future employment relationships, nor does it suggest that it was intended to bind Respondent beyond the context of his termination from UMSC.

Courts have repeatedly held that arbitration clauses must contain clear and explicit language if they are to extend beyond their original scope to future employment relationships. The New Jersey Supreme Court in Atalese v. U.S. Legal Services Grp. L.P. 219 N.J. 430, 446-447 (2014) held that the arbitration clause "at least in some general and sufficiently broad way, must explain that the plaintiff is giving up her right to bring her claims in court or have a jury resolve the issue. In the case before the Court, the "alleged" arbitration agreement does not contain any of that language since it was only contained in a severance agreement and had nothing to do with any future employment.

Honorable Brian Martinotti
February 3, 2025
Page 2

    Other New Jersey decisions similarly state that in an arbitration agreement any such **waiver and agreement to arbitrate must be explicit and must refer specifically to arbitration of termination disputes and claims of LAD violations** (emphasis supplied).  <u>Grasser v. United Health Care Corp</u>., 343 N.J. Super 241, 244(App. Div. 2001).

    The above clearly shows that any arbitration agreement must contain specific language that extends beyond its original scope.  Petitioners' attempt to retroactively apply the severance agreement's arbitration provision to Respondents entirely separate employment with APMTP in 2018 is legally unsound. There is no known court decision that counters this argument.

    APMTP and APMTNA were not parties to the 2015 agreement (a further argument that the agreement in this case cannot apply to the respondent). Even if the two companies are corporate affiliates of UMSC, that does not create privity of contract, nor does it entitle them to enforce an arbitration agreement to which they were never a party.

    It is extremely important to note that Respondent's employment with APMTP began in 2018 under a new and separate offer letter. That letter made no reference to arbitration, nor did it incorporate by reference the previous severance agreement (signed several years earlier) or any arbitration obligations contained within it. It is axiomatic that a severance agreement signed prior to the respondent's employment with a separate entity three years later cannot bind the signee to that agreement to any arbitration clause.

    If APMTP intended for Respondent's 2018 employment to be subject to arbitration, it could have required him to sign an employment arbitration agreement at the time of the hiring. At the very least, the offer letter could have attempted to bind him to that severance letter by stating something as simple as **"This offer letter incorporates by reference all terms contained in the severance agreement previous signed with UMSC."**   Of course, any such arbitration agreement would still be invalid as it would not comply with **Atalese** and its progeny. But the offer letter contained no such language or reference. That omission is fatal to the Petitioner's argument.

    Rather than addressing these fundamental questions, the Petitioner's motion and reply goes to great lengths to obfuscate the fundamental issue and instead asks the court to focus on

    A.    Whether arbitration agreements are generally enforceable under California and New Jersey Law, and

    B.    Whether arbitration is favored as a matter of public policy.

    While much has been written both in treatises and by Court decisions on these particular issues, that is not the threshold issue in this case.  One could attempt to argue that this arbitration agreement is enforceable based upon case law, but the first question that must be asked is.

    **Whether the arbitration clause contained in a severance agreement contained in a 2015 document, even applies to an offer letter in 2018 between the Respondent and a separate but affiliated company?**

   The Petitioner in this case has not provided any sound legal reasoning to explain how the Respondent can bound an arbitration clause contained in a separate agreement from a separate company signed over 3 years earlier. That severance agreement contains no language which even contemplates that the Respondent will be hired 3 years later by a separate entity. While the Severance Agreement does not even meet the standards required of arbitration agreements, it should not and does not even apply to the respondent in this case.

   For the foregoing reasons, the petitioner's application must be denied and an order entered that the respondent's employment related claim is not controlled by the severance agreement signed in 2015.

   Thank you for your cooperation.

                Respectfully submitted,

                GOLDMAN DAVIS
                KRUMHOLZ & DILLON, P.C.

                *S/ Evan L. Goldman*
                EVAN L. GOLDMAN

ELG/bap